IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CONRAD V. SALAZAR,

    Plaintiff,

    v.                        No. CV 13-0002 LH/RHS

OTERO COUNTY PRISON FACILITY,
CAPTAIN OCHOA, SGT. JAQUEZ,
MEDICAL NURSE JOHN DOE,
U.S. MARSHAL JOHN HEFTLEY,
MAINTENANCE WORKER MENDOZA,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Amended Civil Rights Complaint (Doc. 22) (the "complaint"), filed in response to the Court's order (Doc. 20). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was placed in administrative segregation when he was transferred to the Otero County, New Mexico, Prison Facility.  When he protested the segregation, Defendant Ochoa informed him that he would be eligible for general population only if he had a "surgically placed 'surface piercing' " removed.  Plaintiff agreed to the removal, on condition that the procedure be conducted by medical staff in sterile conditions.  He alleges that Defendant Ochoa then ordered a nurse to use a maintenance worker's unsanitary wire cutter to remove the object.  The procedure was painful, and the wound bled and became infected.  Plaintiff was given a blood test for contamination after the procedure, though the complaint does not indicate the results of the test.  He also names several other Defendants who allegedly participated in the events.  He asserts that Defendants violated his rights under the Eighth Amendment and state tort law.

The complaint alleges that Plaintiff is in custody as both a state and a federal detainee inmate.  He names Deputy U.S. Marshal Heftley as a Defendant because the alleged events occurred after he was placed in the Otero County facility during federal criminal proceedings.  Plaintiff does not allege that Defendant Heftley was personally involved in the procedure; he asserts only that the "Marshals could have taken me to a hospital or doctor."  (Compl. at 14).  He also states that "I only name U.S. Marshal . . . Heftley as a Defendant because I think I'm required to."  (Compl. at 15).  Respondeat superior liability is not available under § 1983, *see Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010), or under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), *see Ashcroft v. Iqbal,* 556 U.S. 662, 676

(2009).  The Court will dismiss Plaintiff's claims against Defendant Heftley.

The caption of the complaint refers to the prison facility, and the Court's docket identifies the facility as a Defendant.  In the body of the complaint, Plaintiff names only individual Defendants.  The Court will direct that the docket be corrected by deleting the prison facility as a Defendant.  *See Trackwell v. United States Government*, 472 F.3d 1242, 1243-44 (10th Cir. 2007) ("in a pro se case . . . , courts may look to the body of the complaint to determine who the intended and proper defendants are."); *see also Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010) ("state-operated detention facilities . . . are not 'persons' who have the capacity to be sued under § 1983.").  Plaintiff will be allowed a reasonable time to identify the John Doe Nurse Defendant.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Heftley are DISMISSED, and Defendant Heftley is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to delete Defendant Otero County Prison Facility from the docket caption as a Defendant;

IT IS FURTHER ORDERED that Plaintiff's Motion Request for Information or Status Report (Doc. 23) is GRANTED, and the Clerk is directed to send Plaintiff a copy of the docket;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms for Defendants Ochoa, Jaquez, and Mendoza.

_____
SENIOR UNITED STATES DISTRICT JUDGE