IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CONRAD V. SALAZAR,**

    **Plaintiff,**

**v.**                                                                     **No. 13-cv-0002 LH/SMV**

**FNU MENDOZA, FNU OCHOA,
SGT. JAQUEZ, and BENJAMIN ONTIVEROS,**

    **Defendants.**

## ORDER DENYING MOTIONS TO STAY PROCEEDINGS

THIS MATTER is before the Court on Plaintiff Conrad V. Salazar's[1] Motion Request for Tolling . . . [Doc. 27], filed October 8, 2014, and construed as a motion to stay proceedings until completion of his mental competency evaluation in his criminal proceedings; his supplement to the motion to stay [Doc. 31],[2] filed November 19, 2014; and his request to stay proceedings to allow time to file an amended complaint, contained in his August 17, 2015 filing, [Doc. 46] at 13. Being fully advised in the premises, the Court will DENY as moot Plaintiff's motion [Doc. 27] and supplement [Doc. 31] asking to stay proceedings until completion of his mental competency evaluation and further DENY Plaintiff's request to stay proceedings to allow time to move for leave to file another amended complaint, *see* [Doc. 46] at 13.

Plaintiff filed a Motion Request for Tolling . . . [Doc. 27] on October 8, 2014, and supplemented his request on November 19, 2014, [Doc. 31]. Plaintiff reported that he would be

---

[1] At all times relevant to this suit, Plaintiff has been incarcerated and proceeding pro se and in forma pauperis. [Doc. 5]; [Doc. 22] at 5.
[2] The November 19, 2014 filing also requests a ruling on Plaintiff's Motion for Leave to File A[ Second] Amended Complaint [Doc. 26]. [Doc. 31] at 1, 4. The Court ruled on Plaintiff's Motion for Leave to File A[ Second] Amended Complaint on March 31, 2015; *see* [Doc. 37]; the request is therefore moot.

sent to a mental hospital for a mental competency evaluation relating to his federal criminal proceedings.[3]  [Doc. 27] at 1–2; *see* [Doc. 31] at 7–8 (copy of Order from criminal proceedings against Plaintiff, issued October 9, 2014, finding him mentally incompetent, committing him to the custody of the Attorney General for hospitalization, and staying all deadlines and vacating all settings in the criminal proceedings).  Plaintiff asked the Court to "toll" or "suspend[] all time limitations" in this civil action during his mental competency evaluation, spanning from the time the motion was filed—October 8, 2014—through the completion of Plaintiff's mental competency evaluation.  [Doc. 27] at 1; *see* [Doc. 31] at 2–4.  The Court construes Plaintiff's filings as a request to stay his proceedings during his mental competency evaluation.

Plaintiff's request to stay his proceedings during his mental competency evaluation will be denied as moot.  Plaintiff reports that he has been released from FMC-Butner, the medical facility where he underwent his mental competency evaluation, and has returned to Otero County Prison Facility.  [Doc. 46] at 9–12.  The Court takes judicial notice that the Honorable Robert C. Brack, United States District Judge, has found Plaintiff mentally competent.  *See United States v. Conrad Vazquez Salazar*, No. 12-cr-3183 RR, [Doc. 314] (D.N.M. Aug. 17, 2015).  As Plaintiff's mental competency evaluation in his criminal case has concluded, his request to stay proceedings in this civil case pending his mental competency evaluation is moot.

Plaintiff also requests that the Court stay proceedings in this case so that he may have time to move for leave to amend his complaint.  [Doc. 46] at 13.  Plaintiff's request will be denied.  Pursuant to the Court's Order Granting Motion for Leave to File a Second Amended Complaint [Doc. 37], Plaintiff's operative complaint currently consists of his Amended

---

[3] Plaintiff's criminal proceedings are criminal case no. 12-cr-3183 RB.

Complaint [Doc. 22], filed August 5, 2013, and his Motion for Leave to File A[ Second] Amended Complaint [Doc. 26], filed October 6, 2014 and construed as a supplement to the Amended Complaint.  As previously stated in the Court's Order: if Plaintiff wishes to allege further facts or claims—besides those alleged in the Amended Complaint and Supplement [Docs. 22 and 26]—Plaintiff may again file another motion for leave to file an amended complaint.  Any future motion for leave to file an amended complaint must contain Plaintiff's Proposed Amended Complaint as an attachment to the motion, as required by Local Rule 15.1. *See* D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend.").  If leave to amend is granted, any future Proposed Amended Complaint will become Plaintiff's operative complaint, supplanting all previous complaints, amended complaints, and supplements.  Plaintiff's request to stay proceedings to allow time to move for leave to amend his complaint again is denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's motion [Doc. 27] and supplement [Doc. 31] requesting to stay proceedings until completion of his mental competency evaluation are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's request to stay proceedings to allow time to move for leave to file another amended complaint, [Doc. 46] at 13, is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**