IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CONRAD V. SALAZAR,**

    **Plaintiff,**

v.                                                                                 No. 13-cv-0002 LH/SMV

**FNU MENDOZA, FNU OCHOA,
SGT. JAQUEZ, and BENJAMIN ONTIVEROS,**

    **Defendants.**

## ORDER TO SUBMIT *MARTINEZ* REPORT

THIS MATTER is before the Court sua sponte. Plaintiff initiated his civil rights action under 42 U.S.C. § 1983 on January 3, 2013, [Doc. 1], and subsequently filed an Amended Complaint [Doc. 22] and Supplement [Doc. 26].[1] Plaintiff alleges that Defendants Mendoza, Ochoa, Jaquez, and Ontiveros removed a surface piercing from Plaintiff's neck using dirty maintenance tools. [Doc. 22] at 5–13; [Doc. 26] at 7–20. Plaintiff claims that Defendants violated his rights under the Eighth Amendment and are also liable under state tort law. [Doc. 22] at 5–13; [Doc. 26] at 7–20. In order to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims, Defendants Mendoza, Ochoa, Jaquez, and Ontiveros are **ORDERED** to submit materials that will help this Court resolve Plaintiff's claims, in the form of a *Martinez* report, as explained herein.

---

[1] Plaintiff's operative complaint consists of his Amended Complaint [Doc. 22], filed August 5, 2013, and his Motion for Leave to File A[ Second] Amended Complaint [Doc. 26], filed October 6, 2014, and construed as a Supplement to the Amended Complaint. [Doc. 37].

In a suit brought by a pro se prisoner, the Court may order the defendants to investigate the incident(s) underlying the suit and to submit a report of the investigation, known as a "*Martinez* report." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (affirming the propriety and necessity of such reports). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *Hall*, 935 F.2d at 1109. The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or sua sponte. *Id.* at 1109–10; *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment sua sponte, as long as the opposing party was on notice that she had to come forward with all her evidence). However, the prisoner must be given an opportunity to present evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

### Directions for Preparing the *Martinez* Report

Defendants' *Martinez* report must address the allegations against them as well as any defenses raised in their answer that they wish to pursue. Defendants must abide by the following instructions in preparing their report.

1) The report must include a written brief that discusses Plaintiff's claims and Defendants Ochoa's, Mendoza's, Jaquez's, and Ontiveros's defenses. Factual assertions in the briefs must be supported by proof, such as affidavits or documents. *See Hayes v. Marriott*, 70 F.3d 1144, 1147−48 (10th Cir. 1995). Attachments to the report should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176–77 (D.N.M. 2006).

2) The report must state whether records pertaining to the allegations exist.

3) The report must state whether policies or regulations addressing the allegations exist.

4) If relevant records, policies, or regulations do exist, copies must be included as attachments to the reports. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co.*, 452 F. Supp. 2d at 1176–77.

In addition, Defendants Ochoa, Mendoza, Jaquez, and Ontiveros shall provide a *Vaughn* index[2] that includes a substantial description of any documents that they contend should not be disclosed. *In camera* review of those documents may be required by further Court order.

The *Martinez* report must be filed and served on Plaintiff no later than **October 19, 2015**. Plaintiff must file his response or objections to the report no later than **November 17, 2015**. Defendants must file their reply, if any, no later than **December 1, 2015**.

**The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or sua sponte. Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims and Defendants Ochoa's, Mendoza's, Jaquez's, and Ontiveros's defenses.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2] "A *Vaughn* index is a compilation prepared by the government agency . . . listing each of the withheld documents and explaining the asserted reason for its nondisclosure." *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 940 n.3 (10th Cir. 1990) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).